IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CARPENTERS FRINGE BENEFIT FUNDS OF ILLINOIS, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) ) | CIVIL ACTION |
| vs. | ) ) ) | NO. 11 C 2429 |
| McGREAL CONSTRUCTION COMPANY, an Illinois corporation, | ) ) ) ) | MAGISTRATE JUDGE ARLANDER KEYS |
| Defendant. | ) | |

**PLAINTIFFS MEMORANDUM IN SUPPORT OF THEIR
<u>MOTION FOR SUMMARY JUDGMENT</u>**

Plaintiffs, Carpenters Fringe Benefit Funds of Illinois, *et al.* ("Plaintiffs"), filed their Complaint (Docket No. 1) against Defendant, McGreal Construction Company ("McGreal" or "Defendant") on April 11, 2011, to recover unpaid fringe benefit contributions, liquidated damages, interest, audit costs, court costs and attorneys' fees under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§1132, 1145. On August 9, 2011, Plaintiffs filed their First Amended Complaint, providing further details regarding their claims brought under ERISA (Docket No. 20). Defendant filed its Answer to Plaintiffs First Amended Complaint on September 9, 2011 (Docket No. 22). Plaintiffs now seek summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure against McGreal for amounts that are undisputedly due, consistent with the briefing schedule as set forth in the Court's order of January 13, 2012 (Docket No. 25).

**Statement of Facts**

The Carpenters Fringe Benefit Funds of Illinois are the Carpenters Pension Fund of Illinois ("Pension Fund"), and the Carpenters Retirement Savings Fund of Illinois ("Retirement Savings

Fund"), which are employee pension benefit plans under ERISA (56.1 Stmt. ¶1).[1] Plaintiff, Michael T. Kucharski, is the Administrative Manager of the Pension Fund and Retirement Savings Fund and a fiduciary with respect thereto. (56.1 Stmt. ¶1). The Plaintiff Funds are administered within this District and Division (56.1 Stmt. ¶2). The Pension Fund and Retirement Savings Fund also serve as the collecting agent for various welfare and related joint, labor-management funds, including the Heartland Healthcare Fund ("Heartland"), the Chicago Regional Council of Carpenters Apprenticeship Training Fund, the MIDRESCOM Construction Industry Advancement Fund, the National Labor Management Education and Development Fund, and the Labor/Management Union Carpentry Cooperation Promotion Fund (56.1 Stmt. ¶3) (collectively with the Pension Fund and Retirement Savings Fund, "Funds").

Defendant, McGreal Construction Company ("McGreal" or "Defendant"), is an Illinois corporation, and an employer under ERISA (56.1 Stmt. ¶ 4). Defendant was at all relevant times bound to various collective bargaining agreements obligating it to report and pay contributions to the Funds (56.1 Stmt. ¶ 5). Through the collective bargaining agreements, Defendant further agreed to be bound by the Trust Agreements governing the Funds (56.1 Stmt. ¶ 6).

Under the terms of the Agreements and Declarations of Trust establishing and governing the Pension Fund, Retirement Savings Fund and Heartland, Plaintiffs are entitled to conduct payroll compliance audits of participating employers, and to recover liquidated damages, interest, audit costs, court costs and attorneys' fees (56.1 Stmt. ¶ 7). Under the terms of Plaintiffs' Collection Policy, established by the Pension Fund and Retirement Savings Funds' respective Boards of

---

[1] All citations herein will be to the relevant paragraphs of Plaintiffs' 56.1 Statement, filed contemporaneously herewith.

Trustees, liquidated damages are assessed at the rate of 1.5% per month on contributions paid late, compounded (56.1 Stmt. ¶ 8). If an employer is referred to legal counsel for collection, the liquidated damages on unpaid contributions is assessed at the flat rate of 10% (56.1 Stmt. ¶ 8).

The Funds, through the accounting firm of Bansley and Kiener, LLP, conducted a review of Defendant's payroll records for the period of October 1, 2004 through September 30, 2006, which reflected certain unpaid amounts (56.1 Stmt. ¶ 9). The Funds received payment on behalf of two individuals identified in the revised report, T. Jekiel ($3,019.38) and S. Mungle ($3,595.41) (56.1 Stmt. ¶ 10). These contributions were paid by Defendant to the Chicago Carpenters Fringe Benefit Fund, which subsequently reciprocated that money to Plaintiffs. (56.1 Stmt. ¶ 10). The Funds incurred costs of $6,086.25 to conduct the payroll audit, and are entitled to recover said amounts under the terms of their respective Trust Agreements (56.1 Stmt. ¶ 11). Taking into account all payments received to date relating to the October 2004 through September 2006 audit, there are due to the Funds contributions of $13,620.06, 10% liquidated damages of $1,362.01, and audit costs of $6,086.25 (56.1 Stmt. ¶ 12).

Defendant has submitted contribution report forms for the months of November and December 2010, without payment of contributions (56.1 Stmt. ¶ 13). Based on said reports, Defendant owes the Funds contributions of $4,524.65 and 10% liquidated damages of $452.47 (56.1 Stmt. ¶ 13). Defendant reported and paid prior contributions late between November 2005 and October 2010, and therefore owes the Pension and Retirement Savings Funds additional liquidated damages of $23,794.22 (as of January 31, 2012, assessed at the rate of 1.5% per month, compounded) (56.1 Stmt. ¶ 14).

## Argument

This Court should grant Plaintiffs' Motion for Summary Judgment because there are no genuine issues of material fact and the Funds are entitled to judgment as a matter of law. Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is to be granted where "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." To determine if a "genuine issue of material fact exists," courts should "consider evidence in the light most favorable to the nonmoving party." Lawrence v. Kenosha County, 391 F.3d 837, 841 (7th Cir. 2004) (citation omitted).

Under ERISA:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. §1145.[2]  Section 1132(g)(2) of ERISA states:

> (2) In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan–
>
>     (A) the unpaid contributions,
>
>     (B) interest on the unpaid contributions,
>
>     (C) an amount equal to the greater of–
>
>         (I) interest on the unpaid contributions, or
>         (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

---

[2] Venue is appropriate under 29 U.S.C. §1132(e)(2), as the Funds are administered within the Northern District of Illinois, Eastern Division (56.1 Stmt, ¶ 2).

  (D) reasonable attorneys fees and costs of the action, to be paid by the defendant, and

  (E) such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the Plan, or, if none, the rate prescribed under section 6621 of Title 26.

29 U.S.C. §1132(g)(2). The Funds also have the ability to bring suit to enforce the terms of the Plan. 29 U.S.C. §1132(a)(3); Board of Trustees of the Hotel & Restaurant Emples. Local 25 v. JPR, Inc., 136 F.3d 794, 798 (D.C. Cir. 1998). Thus, where the terms of Plan documents require employers to pay liquidated damages, interest, audit costs, court costs and attorneys' fees, the Funds can bring suit to enforce those requirements against employers. Operating Engineers Local 139 Health Benefit Fund v. Gustafson Construction, Corp., 258 F.3d 645, 654 (7th Cir. 2001) ("Some of the late contributions the defendant finally paid before the suit was brought, but their lateness violated the terms of the plan, thus entitling the fund to enforce the plan's provisions imposing interest and liquidated damages on delinquent contributions.").

  During the relevant time periods, McGreal was undisputedly an employer obligated to timely report and pay contributions to the Funds (56.1 stmt., ¶¶ 4, 5, 6). McGreal was at all relevant times bound to a collective bargaining agreement with the Carpenters Union, and to the Trust Agreements governing the Funds (56.1 Stmt., ¶¶ 5, 6). The collective bargaining agreements and Trust Agreements set forth McGreal's obligation to report and pay contributions to the Funds, and the Funds' authority to collect certain amounts from McGreal (56.1 Stmt, ¶¶ 5, 6, 7). The Trustees of the Pension Fund and Retirement Savings Fund further established collection policies which provide for the assessment of liquidated damages on late and unpaid contributions (56.1 Stmt, ¶ 8).

Liquidated damages are assessed at 1.5% per month, compounded, on late contributions (56.1 Stmt, ¶ 8). However, if a collection matter is referred to legal counsel, liquidated damages are assessed at the flat rate of 10% on all unpaid contributions (56.1 Stmt, ¶ 8).

The amount of the judgment sought by the Funds is based on a review of McGreal's records, as summarized in the Bansley and Kiener audit report, and on reports submitted by McGreal (56.1 Stmt, ¶¶ 9, 10, 11, 12, 13, 14). Based on the audit, McGreal owes the Funds contributions of $13,620.06, 10% liquidated damages of $1,362.01, and audit costs of $6,086.25 (56.1 Stmt., ¶¶ 10, 11, 12). McGreal has not provided Plaintiffs with further meritorious disputes that might cause Plaintiffs to question the accuracy of the Bansley and Kiener audit report.

In addition to the amounts due on the audit, based on contribution reports filed by McGreal, and taking into account all payments made to date, it is undisputed that Defendant owes the Funds a total of $4,524.65 in fringe benefit contributions for the months of November and December 2010, plus 10% liquidated damages of $452.47 (56.1 Stmt, ¶ 12). Moreover, while McGreal paid contributions it reported as due between the months of November 2005 through October 2010, many were paid untimely, and thus subject to 1.5% compounded liquidated damages totaling $23,794.22 as of January 31, 2012 (56.1 Stmt, ¶¶ 16, 19).

Under ERISA, Plaintiffs are entitled to recover their reasonable costs and attorneys' fees in bringing this action. 29 U.S.C. § 1132(g)(2)(D). A fee award is mandatory for prevailing Plaintiff Funds. Moriarty v. Svec, 429 F.3d 710, 717 (7th Cir. 2005). The Pension Fund, Retirement Savings Fund and Heartland Trust Agreements also provide that the Funds are entitled to recover their costs and attorneys' fees (56.1 Stmt, ¶ 7). Accordingly, Plaintiffs request that this Court award them their

costs of this suit and their reasonable attorneys' fees, in amounts to be determined pursuant to Rule 54 of the Federal Rules of Civil Procedure and Local Rule 54.3.

## Conclusion

For the foregoing reasons, Plaintiffs, Carpenters Fringe Benefit Funds of Illinois, *et al.*, respectfully request that this Court enter judgment in their favor and against Defendant, McGreal Construction Company, for unpaid contributions, liquidated damages, and audit costs in the principal amount of $49,839.66, and further award Plaintiffs all costs and reasonable attorneys' fees that they incurred in efforts to resolve the audit and collect the above amounts, plus post-judgment interest.

Respectfully submitted,

/s/ Patrick N. Ryan
One of the Attorneys for the Plaintiffs

Name and Address of Attorneys for the Plaintiffs:

Patrick N. Ryan
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL 60606
Telephone: (312) 236-4316
Facsimile: (312) 236-0241
E-Mail: pryan@baumsigman.com

## CERTIFICATE OF SERVICE

   The undersigned, an attorney of record, hereby certifies that on the 27th day of February 2012, he caused to be electronically filed, **Plaintiffs Memorandum in Support of Their Motion for Summary Judgment**, with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

David J. Bressler
Dykema
4200 Commerce Court, Suite 300
Lisle, IL 60532
Phone: (630) 577-2824
E-Mail: dbressler@dykema.com

            /s/ Patrick N. Ryan


Names and Address of Attorneys for the Plaintiffs:

Patrick N. Ryan
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 W. Adams Street, Suite 2200
Chicago, IL 60606
Telephone: (312) 236-4316
Facsimile: (312) 236-0241
E-Mail: pryan@baumsigman.com

I:\Hrccj\McGreal Construction\mem supt summary judgment.pnr.wpd