IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CARPENTERS FRINGE BENEFIT FUNDS OF ILLINOIS, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION |
| vs. | ) ) ) | NO. 11 C 2429 |
| McGREAL CONSTRUCTION COMPANY, an Illinois corporation, | ) ) ) ) | MAGISTRATE JUDGE ARLANDER KEYS |
| Defendant. | ) | |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR
MOTION FOR SUMMARY JUDGMENT**

Plaintiffs, Carpenters Fringe Benefit Funds of Illinois, *et al.* ("Plaintiffs" or "Funds"), by and through their attorneys, hereby file their Reply in Support of Their Motion for Summary Judgment. In support of their Motion, Plaintiffs state as follows:

**I.     Introduction**

Of the $49,839.66 in contributions, liquidated damages and audit costs claimed due by Plaintiffs in their motion for summary judgment (Docket #27, p. 7), Defendant, McGreal Construction Company ("Defendant" or "McGreal"), does not dispute the vast majority (Def. Resp. S.J., Docket # 34). Indeed, Defendant disputes Plaintiffs entitlement to just $3,300.30 of that amount (Def. Resp. S.J., Docket # 34). Specifically, in its Response (Docket # 34), Defendant does not dispute that it owes: (1) unpaid contributions and liquidated damages for the months of November and December 2010 totaling $4,977.12 (56.1 Stmt., ¶ 13); (2) audit costs of $6,086.25 (56.1 Stmt., ¶ 11); (3) liquidated damages for contributions paid late through October 2010, totaling $23,794.22 (56.1 Stmt. ¶ 14), or (4) $14,987.07 for contributions and liquidated damages found due in the audit,

($18,287.37 - $3,300.30) (56.1 Stmt. ¶ 12). Thus, Defendant's disputes come down to the audit findings for four individuals, totaling $3,300.30 ($3,000.27 in contributions, $300.03 in liquidated damages)(Def. Resp. S.J., Docket # 34).

II.     **Plaintiffs Statement of Uncontested Material Facts are admitted by Defendant, and no new discovery is warranted.**

Before addressing the merits of Defendant's disputes, Plaintiffs note that Defendant failed to file a response to their Local Rule 56.1 Statement of Uncontested Material Facts (Docket #28), though Defendant did file a Statement of Additional Facts Pursuant to LR 56.1 (Docket #35). Accordingly, the facts as stated by Plaintiffs are deemed admitted. L.R. 56.1 (b)(3)(C) ("All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party."). See also, Raymond v. Ameritech Corp., 442 F.3d 600, 608 (7th Cir. 2010) ("By supporting its motion for summary judgment with its Local Rule 56.1 statement, SBC shifted the burden of production to Raymond. Raymond's failure to respond in kind results in deeming admitted the uncontroverted statements in SBC's Local Rule 56.1(a) submission.") (Citations omitted).

Rather than respond to Plaintiffs' 56.1 Statement, Defendant claims in its response that it now needs discovery to support its dispute of the $3,300.30 discussed above, because it does not have complete copies of the relevant collective bargaining agreements, or a complete copy of the audit (Resp., Docket # 34, pp. 1-3). However, a complete copy of the audit is attached as Exhibit 3(E) to Plaintiffs' Local Rule 56.1 Statement (Docket # 28), and was previously provided to Defendant (Pl. Resp. Def. 56.1, ¶ 1). Plaintiffs also provided Defendant's counsel with complete copies of the relevant collective bargaining agreements via electronic mail in August 2011 (Pl. Resp. Def. 56.1, ¶ 1). The full agreements were not attached to the First Amended Complaint or Plaintiffs

56.1 Statement as they are quite voluminous, and most of the pages are not relevant to the matter at issue. **CITE**. Moreover, as Defendant does not dispute liability, or even the amounts due other than the four individuals referenced above and discussed further below, there are no additional facts that could be discovered that would change the outcome of this case.

Plaintiffs also view Defendant's request for discovery at this point as untimely. Though no discovery close date was set by the Court, the First Amended Complaint was filed in August 2011, since which time the parties appeared before the Court on four status hearings (Docket #'s 21, 23, 24, and 25). Defendant also had Plaintiffs' motion for summary judgment for more than two months before making a request for more discovery (Compare, Docket #'s 26, 34). Thus, Defendant had ample time to issue formal discovery if it felt the informal discovery engaged in by the parties was inadequate.

### III. Defendant is liable to Plaintiffs for unpaid contributions, liquidated damages, audit costs, court costs and attorneys' fees.

Notwithstanding Defendant's statement of additional facts (Docket # 35), there are sufficient undisputed facts in the record for the Court to reach a decision. As noted, Defendant has not disputed liability for $46,539.36 of the amounts originally claimed due by Plaintiffs (Def. Resp. S.J., Docket # 34). Turning to the specific individuals disputed by Defendant (Def. Resp. S.J., Docket # 34), for three of the individuals in dispute, Plaintiffs claim contributions due for 227.5 hours on behalf of Camren ($1,242.15 in contributions, $124.22 in liquidated damages), 136 hours on behalf of Kleinschmidt ($742.56 in contributions, $74.26 in liquidated damages), and 106 hours on behalf of Metcalf ($578.76 in contributions, $57.87 in liquidated damages) (Pl. 56.1 Stmt., Ex. 3(E), pp. 73-74). Plaintiffs have no way to dispute McGreal's claim that it paid contributions on their behalf to the Chicago District Counsel of Carpenters (Def. 56.1 Stmt., ¶2). However, Defendant does not

dispute that those contributions should have been paid to Plaintiffs (Def. Resp. S.J., Docket # 34). Plaintiffs never received them (Pl. 56.1 Stmt., ¶12). If Defendant paid contributions to the wrong Funds and those Funds failed to forward them to Plaintiffs, Defendant is free to seek a refund of those contributions from the other Funds. Whether or not Defendant seeks or receives a refund, the contributions remain due from Defendant to Plaintiffs. On this point, Defendant appears to conflate the relationship between the Funds and the Union (Def. Resp. S.J., Docket # 34, pp. 2-3). Plaintiffs have no control over money that the Defendant may have paid to the Union or to other fringe benefit funds. Unless and until money is received by Plaintiffs, that money remains due from Defendant.

The final dispute raised by Defendant, regarding contributions claimed due for Prazak, concerns contributions identified as due for 80 hours in March and April 2005 (56.1 Stmt., Ex. 3(E), pp. 73-74). This amounts to $436.80, plus 10% liquidated damages of $43.60. Defendant states that these hours were for vacation time paid to Prazak (Def. Resp. S.J., Docket # 34, p.3). As the relevant collective bargaining agreement language states that contributions are to be paid for hours worked (56.1 Stmt., Ex. 3(H), pp. 94, 96; 3(I), pp. 111, 113), Plaintiffs agree with Defendant's dispute and withdraw their claim for contributions and liquidated damages due on behalf of Prazak, totaling $480.40.

To the extent Defendant's Statement of Additional Facts ¶ 4 (Docket # 35) is intended as a claim for refund or credit from Plaintiffs of $436.80 for contributions paid on behalf of Prazak, it was not raised in Defendant's Answer (Docket # 22) or developed in Defendant's Response Brief (Docket # 34), and is therefore waived. Lujano v. Town of Cicero, 691 F. Supp. 2d 873, 889 (N.D. Ill. 2010). Moreover, the documents filed by Defendant do not support its claim that contributions were paid on his behalf for March 21 through April 1 2005 (Def. 56.1 Stmt. Add't Facts, ¶ 3; Ex. 1 ¶5; Ex. 3, p. 7). The document submitted by Defendant shows contributions paid on his behalf

through the period ending Wednesday, March 23, 2005 (Def. 56.1 Stmt. Add't Facts, Ex. 3, p. 7). They further indicate no contributions paid for the period ending March 30, 2005 (Def. 56.1 Stmt. Add't Facts, Ex. 3, p. 7), with no documentation provided regarding contributions paid on his behalf for the period ending April 6, 2005.

## Conclusion

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their Motion for Summary Judgment in the amount of $49,359.26 (which is the amount prayed for in Plaintiffs' motion, minus $480.40 for Prazak), plus costs and attorneys' fees in an amount to be determined pursuant to Local Rule 54.3. In the alternative, Plaintiffs request judgment as to liability, with further proceedings limited to clarifying the amounts due based solely on the disputes raised by Defendant in its Response.

Respectfully submitted,

/s/ Patrick N. Ryan
One of the Attorneys for the Plaintiffs

Name and Address of Attorneys for Plaintiffs:

Patrick N. Ryan
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL 60606
Telephone: (312) 236-4316
Facsimile: (312) 236-0241
email: pryan@baumsigman.com

**CERTIFICATE OF SERVICE**

      The undersigned, an attorney of record, hereby certifies that on the \_\_\_\_\_ day of _____ \_\_\_\_ 2012, he caused to be electronically filed, **Plaintiffs' Reply in Support of Their Motion for Summary Judgment**, with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

David J. Bressler
Dykema
4200 Commerce Court, Suite 300
Lisle, IL  60532
Phone: (630) 577-2824
email: dbressler@dykema.com

                                                    /s/ Patrick N. Ryan

Names and Address of Attorneys for the Plaintiffs:

Patrick N. Ryan
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200  W. Adams Street, Suite 2200
Chicago, IL   60606
Telephone:  (312) 236-4316
Facsimile: (312) 236-0241
e-mail: pryan@baumsigman.com

I:\Hrccj\McGreal Construction\reply in support of msj.pnr.kp.wpd