

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CARPENTERS FRINGE BENEFIT FUNDS OF ILLINOIS, et al., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 11 C 2429 ) |
| MCGREAL CONSTRUCTION CO., | ) Magistrate Judge Arlander Keys ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

On April 11, 2011, the plaintiffs, Carpenters Fringe Benefit Funds of Illinois and Michael T. Kucharski, as Administrative Manager of the Funds, sued McGreal Construction Company ("McGreal"), seeking to recover unpaid fringe benefit contributions under ERISA. The parties consented to proceed before a United States Magistrate Judge, and the case was reassigned to this Court on July 6, 2011. Thereafter, the plaintiffs filed this motion for summary judgment. For the reasons set forth below, the Court finds that summary judgment is appropriate on the issue of liability, but that a determination of the amount of that judgment must be reserved for another day.

The Carpenters Fringe Benefit Funds of Illinois consist of the Carpenters Pension Fund of Illinois and the Carpenters Retirement Savings Fund of Illinois, and serve as the collecting agent for various welfare and related joint, labor-management

funds, including the Heartland Healthcare Fund, the Chicago Regional Council of Carpenters Apprenticeship Training Fund, the MIDRESCOM Construction Industry Advancement Fund, the National Labor Management Education and Development Fund, and the Labor/management Union Carpentry Cooperation Promotion Fund. Plaintiffs' Local Rule 56.1 Statement, ¶¶ 1, 3.[1] The Funds are employee pension benefit plans under ERISA, which are administered in this District. *Id.*, ¶ 1. McGreal was, at all times relevant, bound to various collective bargaining agreements obligating it to report and pay contributions to the Funds on behalf of covered employees. *Id.*, ¶ 5. McGreal, through the collective bargaining agreements, also agreed to be bound by the Trust Agreements governing the Funds, which further required McGreal to submit to payroll compliance audits and allowed the Funds to recover liquidated damages, interest, audit costs, and court costs and attorneys' fees for contribution payments that were either not paid at all or were not paid in a timely manner. *Id.*, ¶¶ 6-7.

The Funds' Amended Complaint alleges that McGreal failed to pay contributions as required under the relevant agreements and that other contribution payments were made, but late, causing the funds to incur irreparable injuries. The Funds argue that they

---

[1]McGreal did not file a response to plaintiffs' Local Rule 56.1 Statement; the Court, therefore, accepts the plaintiffs' statement of material facts as true.

are entitled to summary judgment on their Amended Complaint in the amount of $49,839.66, plus fees and costs. This amount includes:

(1) based upon an audit covering the period from October 1, 2004 through September 30, 2006, $13,620.06 in contributions; $1,362.01 in liquidated damages; and $6,086.25 to cover the costs of the audit;

(2) based upon contribution reports for November and December 2010, $4,524.65 in unpaid contributions, plus liquidated damages in the amount of $452.47; and

(3) liquidated damages on contributions paid late during the period from November 2005 to October 2010 totaling $23,794.22. The plaintiffs represent that, under the relevant agreements, liquidated damages are assessed at a rate of 1.5% per month for late contributions, and 10% if the employer is referred to legal counsel for collection. The Funds argue that summary judgment is appropriate because these amounts are undisputedly due under the agreements. McGreal denies that it failed to pay what it owed in contributions and denies that the Funds are entitled to summary judgment.

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party

is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). At this stage, the Court does not weigh evidence or determine the truth of the matters asserted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The Court views all evidence and draws all inferences in favor of the non-moving party, and may enter summary judgment only if the record as a whole establishes that no reasonable jury could find for the non-moving party. *Michas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 692 (7th Cir. 2000).

Under ERISA, "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or agreement." 29 U.S.C. §1145. ERISA further provides that

> [i]n any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –
> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of–
>     (I)  interest on the unpaid contributions, or
>     (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the court deems appropriate.

4

29 U.S.C. §1132(g)(2).

Along with their motion, the plaintiffs submitted an affidavit from Deborah French, the Funds' collections department manager, who is charged with maintaining records of contributions made by employers and received by the Funds. See Plaintiffs' Rule 56.1 Statement, Exhibit 3. Attached to Ms. French's affidavit are various documents, including portions of the collective bargaining agreements; the February 15, 2010 audit report prepared by Bansley & Kiener relating to McGreal's contributions; contribution reports for McGreal for November and December of 2010; and "Statements of Liquidated Damages" covering the period from November 2005 through October 2010. Id. The contribution reports show that, in November 2010, McGreal was obligated to pay $3749.20 in contributions, and, in December 2010, McGreal was obligated to pay $722.80 in contributions; Ms. French has represented that, based upon these reports, McGreal owes the Funds $4,524.65 in contributions and $452.47 in liquidated damages. See Exhibit 3(F) and French Affidavit, ¶ 10. McGreal has offered nothing in the way of evidence to rebut this representation.

With regard to the audit, Ms. French has represented that the Funds incurred $6,086.25 to conduct the audit, and that, under the terms of the Trust Agreements, the Funds are entitled to recoup those costs from McGreal. French Affidavit, ¶ 8. Ms.

French has also represented that, based upon the results of the audit, taking into account all payments received from McGreal during the relevant period, McGreal owes the Funds $13,620.06 in contributions, plus $1,362.01 in liquidated damages. *Id.*, ¶9. Again, McGreal has offered little in response to this representation. McGreal submitted statements showing calculations made for contributions accrued – and presumably paid – in 2005 to the Chicago Carpenters Trust Funds. But, on the record before it, the Court has no effective means of tracking that information against the information the Funds provided with respect to the audit for that period. More importantly, issues about how much exactly was owed and how much exactly was paid do not affect the question of liability; these issues affect only the amount of the judgment and can be addressed at a subsequent hearing.

McGreal denies that it owes the bulk of what Plaintiffs claim, "as it believes contributions from 2004-06 were paid. . . ." Response, p. 1. In its response to the Funds' motion, McGreal represents that it "denies it owes the claimed contributions from 2004-06 because at least some of the required contributions from that time period have been paid." Response, p. 2. But the Funds' evidence takes into account partial payments, and, even if true, this representation is, essentially, an admission that at least some of the required contributions

6

from that time period may not have been paid. Moreover, this argument says nothing about *when* those partial contributions were paid. The statements submitted by the Funds show that McGreal consistently paid contributions late – in some cases, just a day or two, but in others months after they were due. *See* Plaintiffs' Rule 56.1 Statement, Exhibit 3(G). And, under the terms of the relevant agreements, the Funds are entitled to recover interest and liquidated damages on those late payments.

McGreal also argues that "at least one of the employees listed on the reports submitted by Plaintiffs was paid in error." Response, p. 3. McGreal argues that Jeffrey Prazak was paid while he was on vacation, and he should not have been. The Funds concede that McGreal was not required to make contribution payments for vacation periods, but dispute that Prazak was actually paid for his vacation time. Again, this issues goes to the amount of the judgment and can be resolved at a prove-up hearing on damages.

McGreal also argues that its ability to defend itself is hampered by the fact that it does not have complete copies of the Bansley & Kiener audit, nor does it have complete copies of the relevant agreements. And it asks the Court to "defer consideration of the instant Motion until complete copies of such agreements and the audit have been provided and submitted and any necessary discovery arising from the production thereof has been

concluded . . . . " Response, p. 2. McGreal's representation about being in the dark is undercut considerably by the fact that it has, by its own admission, been making contribution payments for years. And the plaintiffs have represented that they provided copies of the audit on several occasions. Also significant is the fact that McGreal never asked for copies of these documents in discovery, which should have been the first thing it did if it truly was confused about its obligations.

The evidence submitted by the Funds makes clear that McGreal has paid hundreds of thousands of dollars in contributions to the Funds. But the evidence also shows that those payments may not have covered the full amount due and that they were rarely received by the Funds in a timely manner. McGreal admits that it was a signatory to the agreements requiring contribution payments to be made in a specified manner, and its failure to make such payments in accordance with the agreements gives rise to the litany of penalties provided therein; thus, in addition to the contribution payments, McGreal is on the hook for interest and liquidated damages, calculated as provided in the agreements, as well as for attorneys' fees and audit and court costs.

### Conclusion

For the reasons set forth above, the Court finds that the Funds are entitled to summary judgment as to liability for delinquent contributions owed by McGreal under the relevant

Collective Bargaining and Trust Agreements. Accordingly, the Court grants the plaintiffs' motion. The amount of the judgment is, at this point, still disputed, however. Although the Court has determined that McGreal is obligated to pay contributions, plus liquidated damages, interest, audit and court costs and attorneys' fees, the exact amount owed is an open question. The parties are, therefore, directed to meet and confer in an effort to reach an agreement as to the amount of the judgment. In the absence of any agreement, the Court will hold a prove-up hearing on September 24, 2012 at 9:00 a.m. At the hearing, the Funds should be prepared to offer a detailed explanation of what was owed, what was paid and when, and how the liquidated damages and interest were calculated. And McGreal should be prepared to offer evidence to support its claim that it paid some of what the Funds claim it owes, as well as any evidence that might affect the amount of the liquidated damages and interest claimed.

Date: July 11, 2012

E N T E R E D:

*Arlander Keys*
MAGISTRATE JUDGE ARLANDER KEYS
UNITED STATES DISTRICT COURT