IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| CARPENTERS FRINGE BENEFIT FUNDS OF ILLINOIS, et al., | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| V. | ) ) | Case No. 11 C 2429 |
| MCGREAL CONSTRUCTION CO., | ) ) | Magistrate Judge Arlander Keys |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

On July 11, 2012, the Court issued a Memorandum Opinion and Order granting the plaintiffs' motion for summary judgment as to liability, but finding that the amount of damages was not readily determinable from the parties' summary judgment submissions. The Court determined that:

> [t]he evidence submitted by the Funds makes clear that McGreal has paid hundreds of thousands of dollars in contributions to the Funds. But the evidence also shows that those payments may not have covered the full amount due and that they were rarely received by the Funds in a timely manner. McGreal admits that it was a signatory to the agreements requiring contribution payments to be made in a specified manner, and its failure to make such payments in accordance with the agreements gives rise to the litany of penalties provided therein; thus, in addition to the contribution payments, McGreal is on the hook for interest and liquidated damages, calculated as provided in the agreements, as well as for attorneys' fees and audit and court costs.

Memorandum Opinion and Order issued July 11, 2012 (Docket #39), p. 8.

Having determined what types of damages McGreal owed, the Court directed the parties to meet and confer in an effort to resolve the question of the amount of those damages. The parties were unsuccessful, however, and the issue is now back before the Court on plaintiffs' motion for summary judgment. The funds argue that they are entitled to judgment in the amount of $53,797.79, plus costs and fees in the amount of $17,522.50; McGreal denies that the plaintiffs are entitled to judgment in this amount and argues that issues of fact remain as to the exact amount to be awarded. For the reasons explained below, the Court grants the plaintiffs' motion.

## Factual Background

The Carpenters Fringe Benefit Funds of Illinois consist of the Carpenters Pension Fund of Illinois and the Carpenters Retirement Savings Fund of Illinois, and serve as the collecting agent for various welfare and related joint, labor-management funds, including the Heartland Healthcare Fund, the Chicago Regional Council of Carpenters Apprenticeship Training Fund, the MIDRESCOM Construction Industry Advancement Fund, the National Labor Management Education and Development Fund, and the Labor/management Union Carpentry Cooperation Promotion Fund. *See* Plaintiffs' First Local Rule 56.1 Statement, ¶¶ 1, 3.[1] The Funds

---

[1] The "first" Rule 56.1 Statement appears at Docket #28; it is the statement filed on February 27, 2012 in support of the plaintiffs' initial motion for summary judgment.

are employee pension benefit plans under ERISA, which are administered in this District. *Id.*, ¶ 1. McGreal was, at all times relevant, bound to various collective bargaining agreements obligating it to report and pay contributions to the Funds on behalf of covered employees. *Id.*, ¶ 5. McGreal, through the collective bargaining agreements, also agreed to be bound by the Trust Agreements governing the Funds, which further required McGreal to submit to payroll compliance audits and allowed the Funds to recover liquidated damages, interest, audit costs, and court costs and attorneys' fees for contribution payments that were either not paid at all or were not paid in a timely manner. *Id.*, ¶¶ 6-7.

In their Amended Complaint, the plaintiffs alleged that McGreal failed to pay certain contributions as required under the relevant agreements, and that McGreal paid other required contributions late. In their initial summary judgment motion, the Funds sought judgment in the amount of $49,839.66, plus fees and costs. This amount included: unpaid contributions in the amount of $18,144.71 (and this, in turn, included $13,620.06 in unpaid contributions identified in an audit report prepared by outside accountants in 2006 and $4,524.65 in contributions from November and December 2010, which were reported by McGreal but never paid); $1,814.48 in liquidated damages on those unpaid contributions ($1,362.01 on the contributions identified in the

2006 Report and $452.47 for the November and December 2010 contributions); $23,794.22 in liquidated damages for contributions paid late; and $6,086.25 in audit costs.

This time around, the plaintiffs seek the same amount with respect to the audit costs and with respect to unpaid contributions and liquidated damages for November and December of 2010. But they seek less in damages based on the 2006 Report ($12,599.04 in unpaid contributions and $1,259.90 in liquidated damages, as compared with $13,620.06 in contributions and $1,362.01 in liquidated damages) and more in liquidated damages for contributions paid late ($28,875.48, as compared to $23,794.22). The former is because the funds have elected not to pursue certain contributions challenged by McGreal, and the latter is simply due to the passage of additional time.

## Discussion

As the Court noted in its last decision, "[s]ummary judgment is appropriate when 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Memorandum Opinion and Order issued July 11, 2012 (Docket #39), p. 3 (quoting Fed. R. Civ. P. 56(c)). The evidence submitted in connection with the first motion for summary judgment established that McGreal was liable to the funds

4

under ERISA.  And, as the Court noted in its earlier decision, ERISA provides that

> [i]n any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –
> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of–
>    (i)  interest on the unpaid contributions, or
>    (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> (D)  reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (E)  such other legal or equitable relief as the court deems appropriate. 29 U.S.C. §1132(g)(2).

Memorandum Opinion and Order issued July 11, 2012 (Docket #39), pp. 3-5.  The Funds argue that summary judgment on damages is appropriate because the amounts identified above are undisputedly due under the relevant agreements.

In support of their motion, the plaintiffs submitted an affidavit from Deborah French, the Contributions and Collections Department Manager for the third-party administrator for the Carpenters Fringe Benefit Funds of Illinois.  Ms. French submitted a similar affidavit in support of the plaintiffs' last summary judgment motion.  Here, after detailing her review of the records and payments received by or on behalf of McGreal, Ms. French represents that the plaintiffs "have not received payment

5

of any contributions for: (1) the hours identified in the 2006 Report for October and November 2004 (1145 hours); (2) the hours worked by Camren, and [Kleinschmidt] in January and February 2005, and hours worked by Metcalf in February and April 2005 (452 hours); or (3) the hours identified in the 2006 Report for February and March 2006 (307 hours)." French Affidavit, ¶11. McGreal has offered nothing to refute this evidence.

McGreal has consistently claimed that it paid at least some of these contributions to other fringe benefit funds. Initially, although the plaintiffs do not really dispute the point, McGreal has not demonstrated that the particular contributions claimed here were ever paid to anyone. After determining that McGreal was liable to the plaintiffs and setting the matter for a prove-up hearing on damages, the Court advised McGreal that it needed to "be prepared to offer evidence to support its claim that it paid some of what the Funds claim it owes, as well as any evidence that might affect the amount of the liquidated damages and interest claimed." *See* Memorandum Opinion and Order, p. 9. Yet in response to the plaintiffs' most recent summary judgment motion, McGreal offers no such evidence. McGreal has offered checks showing that it paid various sums to various funds – for example, it paid the Chicago District Council of Carpenters Welfare and Pension Fund $33,731.66 on February 25, 2005; $47,695.36 on April 13, 2005; $52,103.39 on May 11, 2005;

$46,729.93 on May 31, 2005; $47,550.33 on June 20, 2005; $60,366.66 on July 15, 2005; $54,909.52 on August 15, 2005; and $71,109.77 on September 15, 2005; it paid the "Dues CKO" at the Chicago District Council of Carpenters $15,149.14 on April 13, 2005, $18,710.40 on May 11, 2005, and $20,224.79 on June 20, 2005; and it paid the Carpenters Benefit Fund of Illinois in Geneva $16,990.47 on June 20, 2005, $23,131.80 on July 15, 2005, and $18,912.69 on August 15, 2005. *See* McGreal's Corrected Response to Plaintiffs' Motion for Summary Judgment as to Damages, Exhibit 1, pp. A-2 through A-16. But no one disputes that McGreal paid *some* contributions to *some* funds. And these checks say nothing about whether McGreal paid the contributions identified above to the plaintiffs in this lawsuit – the actual funds to which the contributions are owed.

At the end of the day, McGreal offers nothing to refute the funds' evidence concerning damages. It has offered nothing to show that it paid the specific contributions the funds say it did not; nor has it offered the records underlying its checks to allow the Court to determine whether the payments reflected in those checks even cover the employees and the periods included in the audit reports or in Ms. French's affidavit. And, although McGreal implies that it should get some sort of credit for paying the Carpenters Benefit Fund of Illinois in Geneva, nothing on the face of the checks suggests that the plaintiffs share accounts

with this fund or that they are in any way reciprocal; indeed, Ms. French represents in her affidavit that they are not. *See* French Affidavit, ¶3 (attached to Plaintiffs' Response to Defendant's Additional Statement of Additional Facts Pursuant to Local Rule 56.1).

Significantly, McGreal has offered no additional evidence to further its claim that it paid someone else the money it was supposed to have paid the plaintiffs; the last time around, the Court noted that the evidence submitted by McGreal did not allow the Court to track the particular contributions owed to the particular contributions paid -- whether to the plaintiffs or to some other fund. McGreal did nothing to rectify that problem this time around. If McGreal had evidence to show that it paid what the plaintiffs claim was owed, then it should have brought it to the Court's attention; it did not. What it did offer – the same arguments it made last time and copies of checks showing that it made some benefit and dues payments – is not enough to defeat summary judgment. *See Arnett v. Webster*, 658 F.3d 742, 760 (7th Cir. 2011)(quoting *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2003)("[S]ummary judgment is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events.").

The same is true with respect to the contributions identified for November and December 2010. The funds have offered evidence demonstrating that the contributions were due but unpaid, and McGreal has offered nothing to show that it paid these contributions. In fact, McGreal has never really disputed that it owes these contributions. And, certainly, the checks McGreal submitted, all written in 2005, do not reflect payments for contributions accrued in 2010. Accordingly, the Court finds that McGreal is liable to the plaintiffs for unpaid contributions in the amount of $17,123.69.

With regard to liquidated damages, Ms. French also details in her affidavit how the plaintiffs calculated their liquidated damages claim with respect to unpaid contributions and late paid contributions. *See* French Affidavit, ¶¶13-14, 16-17, 18-23. This same evidence was submitted with the first summary judgment motion, and the Court cited to the relevant provisions of the various agreements in determining that liquidated damages were appropriate under those agreements. Accordingly, the Court finds that the plaintiffs are entitled to liquidated damages on late contributions in the amount of $28,875.48 and on unpaid contributions in the amount of $1,712.37.

As noted, in its earlier summary judgment ruling, the Court determined that, under the terms of the relevant agreements, McGreal was liable to the plaintiffs for audit costs, as well as

attorneys' fees and costs. The plaintiffs seek $6,086.25 for the former, and $17,522.50 for the latter. McGreal argues that neither category of damages is reasonable and that neither should be awarded in the amount requested.

To be sure, the Funds have established that they incurred the audit costs. Along with Ms. French's affidavit, the plaintiffs submitted documents from Bansley and Kiener, the accountants who conducted the audit covering the period from October 1, 2004 through September 30, 2006. This is the same evidence the plaintiffs submitted in support of their first motion for summary judgment. The plaintiffs also submitted invoices from Bansley and Kiener evidencing the $6086.25 in audit costs the plaintiffs claim they incurred. *See* Plaintiffs' Rule 56.1, Exhibit (A)(2).

McGreal argues that, because it has maintained all along that it paid the contributions to funds other than the plaintiffs, it was unreasonable for the plaintiffs to conduct the audit in the first place. But the collective bargaining agreements – to which McGreal is unquestionably a party and by which McGreal unquestionably agreed to be bound – provide for an audit under the circumstances presented. And the Court already determined, in its summary judgment ruling on liability, that McGreal is on the hook for audit costs, as well as unpaid contributions and liquidated damages.

With regard to attorneys' fees, the plaintiffs have submitted an affidavit from Catherine Chapman, one of their attorneys. *See* Chapman Affidavit, Plaintiffs' 56.1 Statement, Exhibit C. In her affidavit, Ms. Chapman represents that she and her associates have expended 83 hours to collect delinquent contributions, liquidated damages and audit costs from McGreal, and that the total bill for that time, as of April 25, 2013, is $17,087.50. *See* Chapman Affidavit, ¶2. Ms. Chapman further represents that the plaintiffs have incurred costs in this action in the amount of $435, consisting of $350 to file the case and $85 to serve McGreal with the summons and complaint. *Id.*, ¶6.

McGreal argues that the attorneys' fees sought are unreasonable, given that it has consistently admitted that it failed to pay certain contributions to the plaintiffs and maintained that it paid them instead to other funds. But McGreal's stance did nothing to ameliorate the funds' obligation to track and collect contributions owed the funds on behalf of employees. And, as the plaintiffs point out, the funds still had to determine how much McGreal owed – it was up to McGreal to recover funds wrongfully or mistakenly paid to other funds. The Court finds that the fees and costs requested are reasonable and recoverable.

## Conclusion

For the reasons set forth above, the Court grants the plaintiffs' motion for summary judgment as to damages [Docket #52] and finds that the Funds are entitled to judgment in the amount of $71,320.29. This amount includes unpaid contributions in the amount of $17,123.69, plus liquidated damages on those contributions in the amount of $1712.37; liquidated damages on late contributions in the amount of $28,875.48; audit costs in the amount of $6,086.25; attorneys' fees in the amount of $17,087.50; and costs in the amount of $435.00.

Date: October 8, 2013

E N T E R E D:

_____
MAGISTRATE JUDGE ARLANDER KEYS
UNITED STATES DISTRICT COURT